UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NEW REZ LLC, *d/b/a Shellpoint Mortgage Servicing*,

        *Plaintiff*,

  v.

WAYNE THOMAS, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-00188 (CJN)

## MEMORANDUM OPINION

This matter is before the Court on its review of, *inter alia*, Defendant Wayne Thomas' *pro se* Notice of Removal ("Not."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, this matter is remanded to the Superior Court of the District of Columbia.

Thomas is a defendant, along with the Thomas Living Estate Trust,[1] in a judicial residential mortgage foreclosure matter, filed against them by Plaintiff NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") in D.C. Superior Court. *See NewRez LLC d/b/a Shellpoint Mortgage Servicing v. Wayne P. Thomas, et al.*, No. 2024-CAB-008129 (D.C. Super. Ct. filed 12/27/2024);[2] *see also* Not. at 1. On January 22, 2025, Thomas removed that matter to

---

[1] Although ultimately not relevant given the remand, the Court notes that a trust, as an artificial entity, cannot proceed in federal court without licensed counsel. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121, 2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020). Similarly, an artificial entity cannot proceed under the IFP statute as the provision is applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993).

[2] A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

1

this Court, although his Notice does not cite any basis for removal, and removal is effective only when a defendant files a timely notice of removal in federal court with, among other things, "a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Thomas provides no such statement, although he has separately attempted to file Counterclaims against Shellpoint, and those proposed Counterclaims rely on federal statutes. *See* ECF No. 3 at 2.

On February 14, 2025, Shellpoint filed a Motion to Remand ("MTR"), ECF No. 7, and on February 20, 2025, the Court directed Thomas to respond to that Motion within 30 days, *see* Order, ECF No. 8. To date, Thomas has filed multiple submissions, but he has failed to file any opposition to Shellpoint's pending Motion. Most recently, on August 1, 2025, Thomas puzzlingly filed his own Motion to Remand. ECF No. 15. But Thomas does not, in fact, demand remand to Superior Court; he instead asks the Court to "remand the Order issued in favor" of Shellpoint, *see id.* at 1, and then goes on to reiterate his counterclaims, *see id.* at 1–2.

Upon review of the record, the Court grants Shellpoint's Motion to Remand. The Court agrees that Thomas' removal is defective as he has failed establish a cognizable basis for removal and he has failed to establish subject matter jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal removal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). That rule recognizes that the plaintiff, not the removing defendant, is "master of the claim" and may rely exclusively on state law to avoid federal question jurisdiction. *Id.* Shellpoint's Complaint contains a single count for judicial foreclosure based on the terms of the deed of trust encumbering the property at issue, and the pleading cites D.C. law exclusively. *See* Original Sup. Ct. File, ECF No. 4, at 5–9. It does not invoke any federal authority or claims involving federal questions. Insofar

as Thomas relies on his counterclaims raising federal questions to establish subject matter jurisdiction, he may not to do so because a federal court cannot assert jurisdiction over a local case based solely on a federal counterclaim raised by the removing defendant. *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831–32 (2002).

To the extent that Thomas may rely on diversity of citizenship, he has failed to establish it. *See* 28 U.S.C. §§ 1332(a), 1441(b). Pursuant to the "forum defendant rule," "[a] civil action . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996). Because Thomas is citizen of the District of Columbia, removal based on diversity jurisdiction is barred.

In short, "[b]ecause of the significant federalism concerns involved, this Court strictly construes the scope of its removal jurisdiction," and "[t]he party seeking removal of an action bears the burden of proving that jurisdiction exists in federal court." *Downey v. Ambassador Devel., LLC*, 568 F. Supp. 2d 28, 30 (D.D.C. 2008). Because Thomas has failed to meet that burden, the Court "must remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002).

A separate Order accompanies this Memorandum.

DATE: October 17, 2025

/s/ Carl J. Nichols
CARL J. NICHOLS
United States District Judge